UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AUBREY and JESSE LANE, | § § | |
| Plaintiff, | § § | |
| vs. | § § § § § | **PLAINTIFFS' NOTICE OF MOTION AND STATEMENT OF MATERIAL FACTS FOR MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| AMERICAN AIRLINES, INC. | § § § | |
| Defendant | § | Case Number: 1:18-cv-06110-MKB-MMH |

PLEASE TAKE NOTICE that, upon this Notice of Motion, the Plaintiffs' Motion for Partial Summary Judgment Memorandum of Law, the Exhibits thereto, the annexed Plaintiffs' Statement of Undisputed Facts, *infra,* and all the pleadings and proceedings herein, counsel for Plaintiffs will move on October 29, 2021, or as soon thereafter as counsel may be heard, before the Honorable Chief Judge Margo K. Brodie, United States District Court Judge for the Eastern District of New York, United States Courthouse, 225 Cadman Plaza East, Brooklyn New York 11201; Courtroom: 6F; Chambers: N626 for partial summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure as follows:

1. On Plaintiffs' claims that Defendant American Airlines, Inc. ("AA") permitted the unlawful boarding of a person who appeared intoxicated, violating Title 14, Code of Federal Regulations, §91.17(b) and §121.575(c). Plaintiffs will show AA unlawfully allowed a visibly intoxicated passenger to board its aircraft in violation of these regulations, and later after AA provided six additional inflight alcoholic beverages, sexually assaulted Plaintiff. During pre-motion conferences, AA suggested a choice of law determination is necessary, but Plaintiffs will show for application of this federal law violation, no analysis is needed. In anticipation that AA may respond with an analysis seeking to apply Texas law on future liability issues, Plaintiffs will offer their analysis that Arizona law ultimately applies to later liability issues. Arizona is the place of the causative misconduct where the intoxicated passenger boarded and is an important component of interest inquiry involving conduct regulation.
2. On American Airlines' Third Affirmative Defense that this action is allegedly governed by the Federal Aviation Act of 1958, 49 U.S.C. §40101, *et seq*., which preempts state law standards governing aviation safety and flight operations and Fifth Affirmative Defense that this action is allegedly governed by the Airline Deregulation Act ("ADA"), 49 U.S.C. §41713, which preempts state law

    standards governing rates, routes or services of any air carrier, Plaintiffs will show injury claims are not preempted.

3. A no-evidence summary judgment motion on American Airlines' Fourth Affirmative Defense that Plaintiffs have failed to join necessary and/or indispensable parties pursuant to Fed. R. Civ. P. 19.  Plaintiffs were not ordered to join any necessary and/or indispensable parties, and there are none herein.
4. A no-evidence summary judgment motion on American Airlines' Eighteenth Affirmative Defense "that Plaintiffs could with due diligence, have obtained personal jurisdiction over tortfeasor not a party to this lawsuit, and who are necessary and/or indispensable to a just adjudication of her claims, and thus the culpability of these missing or absent tortfeasors may be computed in to the apportionment of total culpability causing the subject occurrence."  Plaintiffs will show they had no obligation to join such a party, and that AA could have done so.
5. A no evidence summary judgment of waiver or estoppel barring Plaintiffs' claims raised in Sixteenth Affirmative Defense.
6. A no evidence summary judgment of the existence of any settlement raised in the Seventeenth Affirmative Defense, and
7. A no evidence summary judgment of the existence of any covenant not to sue or not to enforce a judgment raised in the Twenty-First Affirmative Defense.

Plaintiffs respectfully request that this Court order all appropriate relief.

## STATEMENT OF MATERIAL FACTS

Plaintiffs contend there is no genuine issue of material fact as to:

1. Plaintiff Aubrey Lane purchased an airline ticket for passage on June 16, 2017, departing 6:40 p.m. from Durango, Colorado on flight 3069 to Phoenix, Arizona, with a scheduled 7:12 p.m. arrival, connecting to New York Kennedy ("JFK") on flight 1280, departing 9:55 p.m. with a scheduled arrival on June 17, 2017, at 5:47 a.m. Exhibit 13, Lane 298-306.
2. Plaintiff Aubrey Lane purchased the airline ticket on the cheapoair.com website on May 4, 2017. Exhibit 13, Lane 298-306.
3. Flight 1280 did not crossover Texas airspace. Flight Map, Document #AAAL000127; Exhibit 12.
4. At the time of the purchase and flight, Plaintiffs were both citizens and residents of Colorado. Second Amended Complaint, ECF Dkt 45, ¶4.
5. American Airlines, Inc. ("AA") is a Delaware corporation with its principal place of business in Ft. Worth, Texas. Second Amended Complaint, ECF Dkt 45, ¶5.
6. AA operates large passenger turbojet aircraft in airline passenger air service throughout the United States and between cities in the United States and numerous international destinations. Second Amended Complaint, ECF Dkt 45, ¶6.
7. AA assigned two Arizona-based Gate Agents to manage boarding of flight 1280, Jessica Tarr and Ashleigh Tenifa. Deposition of Gate Agent Jessica Tarr, September 10, 2020, Exhibit 5 and Deposition of Ashleigh Tenifa, December 9, 2020, Exhibit 6.

8. The New York-based Flight Attendants assigned flight 1280 were Bret Bray, Carol Hannah, LaJuan Perkins, and Duvan Prado. Deposition of Bret Bray, December 8, 2020, Exhibit 7; Deposition of Carol Hannah, December 18, 2020, Exhibit 8; and Deposition of LaJuan Perkins, September 24, 2020, Exhibit 9; Deposition of Duvan Prado, Exhibit 10.
9. Assigned to aisle seat 12C was Jessica Eldridge who boarded flight 1280 at 23:31. Exhibit 11, Document #AAAL429-436.
10. Assigned to window seat 12A was Aubrey Lane who boarded flight 1280 at 23:34. Exhibit 11, Document #AAAL429-436.
11. Assigned to the middle seat 12B was Rene Santiago who boarded flight 1280 at 23:42. Exhibit 11, Document #AAAL429-436.

Dated: Friday, July 30, 2021.

/s/ R. Chris Cowan
Chris Cowan
CO Bar #: 48434 *(Admitted Pro Hac Vice)*
DOWNS MCDONOUGH COWAN & FOLEY, LLC
2051 Main Ave.
Durango, CO 81301
Office No.: (970) 247-8020
Fax No.: (970) 247-8877
E-mail: chris@swcolaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on Friday, July 30, 2021, a true and exact copy of the foregoing document was served via e-mail to counsel for Defendant, American Airlines, Inc.

/s/ Chris Cowan
Chris Cowan